[Cite as *Alford v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-3379.]

| | |
|---|---|
| BRIAN K. ALFORD | Case No. 2020-00574JD |
| Plaintiff | Magistrate Scott Sheets |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶1}** Plaintiff Brian Alford (plaintiff) is an inmate in defendant's custody. Plaintiff seeks recovery for injuries he alleges were sustained after another inmate assaulted him on September 9, 2020. Trial took place remotely on August 23, 2022. In addition to plaintiff, Corrections Officer John Searle (Searle), Institutional Inspector Michael Jenkins, and Health Care Administrator Cheryl Klosinski, all employees of defendant, testified. Several exhibits were admitted into evidence including a video of the incident, other documents generated as a result of the incident, black and white photos of plaintiff's injuries, and a limited portion of plaintiff's medical records. For the following reasons, the magistrate hereby recommends judgment for defendant.

**Findings of Fact**

**{¶2}** The magistrate makes the following factual findings. Plaintiff is an inmate in defendant's custody. While housed at defendant's Toledo Correctional Institution and while performing his institutional job cleaning the recreation area, plaintiff was the victim of a sudden, unprovoked and unforeseen assault by another inmate, Dwayne Nixon (Nixon), on September 9, 2020.

**{¶3}** A video camera at TCI captured Nixon's assault on plaintiff. The silent video depicts numerous people on a basketball court. Plaintiff can be seen talking to another inmate near the basketball hoop at the far end of the court that is opposite of the camera. Plaintiff is to the right of the other inmate. Nixon is standing among a group of men that

is near the hoop closer to the camera.  He can be seen, in a black shirt and black shorts, standing near the top of the painted curved three-point line.  Searle can be seen at a desk in the lower left corner of the video.

{¶4} At the same time that Nixon begins rapidly walking in plaintiff's direction, plaintiff begins to walk away from the inmate with whom he was conversating and toward midcourt.  As plaintiff and Nixon get closer, they walk side by side for a moment before Nixon suddenly lunges at plaintiff and pushes and/or punches plaintiff in the side and/or back of the head, causing plaintiff to fall down.  The time stamp of the video reads 9:13:38 when Nixon extends his arms to attack plaintiff.  Up until this point, Searle's back is turned and/or he is facing the other inmates who are leaving the recreation area.  Searle turns his head and looks at plaintiff and Nixon, while plaintiff is falling to the ground, when the video reads 9:13:39.

{¶5} Searle then leaves his desk, at which point Nixon begins to walk away from plaintiff, and walks toward Nixon before briefly leaving the area.  After plaintiff gets to his feet, plaintiff and Nixon approach each other and appear to exchange words.  As plaintiff runs away from Nixon, he sprays Nixon in the face with a spray bottle.  Nixon chases plaintiff and pushes and/or punches plaintiff again as plaintiff goes offscreen.  Two corrections officers, including Searle, then almost immediately appear and confront Nixon and begin handcuffing him.

{¶6} Plaintiff had never met Nixon before the assault and had never reported any problem with or fear of Nixon.  Though Searle was present in the recreation area at the time of the attack, he had no forewarning of the assault, was not close to the two men when the assault began and did not know it was happening until after plaintiff was initially knocked to the ground.  At the time he approached the two inmates and began to investigate, Searle did not know exactly what had transpired between plaintiff and Nixon.  Searle walked away from plaintiff and Nixon to enlist the aid of his partner with investigating the incident and securing the two inmates.

**Conclusions of Law**

{¶7} Plaintiff's complaint states a claim for negligence. As it relates to claims based on one inmate's assault of another, the 10th District has stated:

> In order to prevail on a claim of negligence, "a plaintiff must establish the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." A plaintiff "has the burden to prove each element of their negligence claim by a preponderance of the evidence."
>
> In regard to the "custodial relationship between the state and its inmates, the state owes a common-law duty of reasonable care and protection from unreasonable risks of physical harm." Reasonable care is defined as "that degree of caution and foresight an ordinarily prudent person would employ in similar circumstances, and includes the duty to exercise reasonable care to prevent an inmate from being injured by a dangerous condition about which the state knows or should know." However, while "prison officials owe a duty of reasonable care and protection from unreasonable risks to inmates, * * * they are not the insurers of inmates' safety."
>
> * * * [T]his court [has] discussed the legal standard with respect to the liability of ODRC for an assault by one inmate on another. Specifically, we noted "[t]he law is well-settled in Ohio that ODRC is not liable for the intentional attack of one inmate by another, unless ODRC has adequate notice of an impending assault." Under Ohio law, "[n]otice may be actual or constructive, the distinction being the manner in which the notice is obtained rather than the amount of information obtained." *Id.* In this respect, "[a]ctual notice exists where the information was personally communicated to or received by the party," whereas "'[c]onstructive notice is that notice which

the law regards as sufficient to give notice and is regarded as a substitute for actual notice.'" (citations omitted.)

*Morris v. Ohio Dep't of Rehab. & Corr.*, 10th Dist. No. 20AP-131, 2021-Ohio-3803, ¶¶ 30-32.

{¶8} As noted, plaintiff had the burden of proving his claim by a preponderance of the evidence. *Id.* As stated in *Brothers v. Morrone-O'Keefe Dev. Co., LLC,* 10th Dist. No. 06AP-713, 2007-Ohio-1942, 2007 Ohio App. Lexis 1762, ¶ 49: "[a] preponderance of the evidence is 'the greater weight of the evidence * * * [it] means evidence that is more probable, more persuasive, or of greater probative value.'"

**Decision**

{¶9} The magistrate finds that plaintiff failed to prove his claims by a preponderance of the evidence. In this case, it is undisputed that defendant did not have actual notice of an impending assault. Prior to the assault, plaintiff never had any fear of his assailant, nor did he inform or alert defendant of any problem whatsoever between him and his assailant. In fact, plaintiff did not know his assailant before the assault and the assault itself happened without warning.

{¶10} The magistrate also finds that defendant did not have constructive notice of an impending assault. Though plaintiff opined, in a very limited manner, that his assailant had a known propensity for violence, he offered no actual evidence, beyond his own opinion, sufficient to establish that his assailant had such a history. And again, plaintiff and his assailant had no previous history of any kind such that defendant would possess notice that there might be issues if the two were allowed to comingle. In short, plaintiff offered limited and vague assertions regarding his assailant's history, which the magistrate finds did not establish that defendant had constructive notice. Because defendant did not have notice of an impending assault, it had no duty to protect plaintiff. It, therefore, breached no duty in failing to protect plaintiff from the September 9, 2020 assault.

{¶11} Finally, Searle, once he became aware of the incident, approached the men to investigate, at which point the incident appeared to be over or, at least, under control. The magistrate cannot fault Searle for briefly walking away from the two inmates under these circumstances to alert his partner and/or obtain his partner's assistance. After plaintiff sprayed Nixon and Nixon began to attack plaintiff again, Searle and his partner immediately intervened. The magistrate finds that, under these circumstances, defendant met its duty to protect plaintiff after Searle became aware of the altercation between the two men.

{¶12} For the reasons stated above, the magistrate recommends judgment in defendant's favor.

{¶13} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
SCOTT SHEETS
Magistrate

**Filed August 31, 2022**
**Sent to S.C. Reporter 9/26/22**